UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DONALD GRAVES,

                Plaintiff,                              MEMORANDUM & ORDER
                                                               16-CV-2153 (ENV)

                -against-

THE UNITED STATES GOVERNMENT;
SEA VIEW PSYCHIATRIC HOSPITAL CENTER;
CENTRAL BOOKING POLICE DEPARTMENT;
BROOKLYN N.Y.C. CRIMINAL COURT;
BROOKLYN N.Y.C. SUPREME COURT;
BROOKLYN N.Y.C. DISTRICT ATTORNEY'S
OFFICE; THE UNITED STATES OFFICE OF
MENTAL HYGIENE,

                Defendants.
------------------------------------------------------------------x
VITALIANO, D.J.

        Plaintiff Donald Graves, at the time of initiating the instant *pro se* action, was incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island. *See* Dkt. No. 3. By Order, dated April 22, 2016, the United States District Court for the Southern District of New York transferred the action to this district. *See* Dkt. No. 4. By Memorandum and Order, on September 13, 2016, the Court granted plaintiff's request to proceed *in forma pauperis*, but dismissed the complaint pursuant to 28 U.S.C. § 1915A. *See also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but mandatory). Plaintiff, however, was granted 30 days leave, *i.e.*, until October 13, 2016, to file an amended complaint with respect to his claims of forced medication and false arrest and/or false imprisonment only. Dkt. No. 8 at 7.

        The Court's Memorandum and Order was mailed to the address that plaintiff provided

1

when he filed his complaint. On September 27, 2016, the Memorandum and Order was returned by the United States Postal Service as undeliverable. Dkt. No. 9. The Court is unable to locate plaintiff, and plaintiff has failed to inform the Court of a new mailing address. *See Desouza v. Fischer*, No. 12 CV 0821, 2015 WL 4104794, at *3 (E.D.N.Y. July 8, 2015) (noting that, when a party changes addresses, it is his or her obligation to notify the Court of the new address); *Sturgis v. DeMarco*, No. 13 CV 2125, 2013 WL 3288308, at *2 (E.D.N.Y. June 27, 2013) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs.") (citations and internal quotations omitted). The Court has no address for plaintiff other than the Rikers Island address provided on intake of the complaint. Accordingly, the instant action must be dismissed.

For the reasons stated above, the complaint is dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920–21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
November 2, 2016

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge

2